**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HESTON CHAHUA, | : |
| | : Civil Case No. 10-4093 |
| Plaintiff, | : |
| | : **OPINION & ORDER** |
| v. | : |
| | : June 21, 2011 |
| MICHAEL J. ASTRUE, | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |
| | : |

**HOCHBERG, District Judge:**

 This matter comes before the Court upon Plaintiff's Application for Attorney Fees pursuant to 28 U.S.C. § 2412(d).

**I.      Factual and Procedural Background**

 This application arises upon a consent order entered by this Court on February 24, 2011 remanding this case for further administrative action.  Plaintiff's counsel, the Rutgers Urban Legal Clinic, represented Plaintiff for the federal court appeal of plaintiff's social security disability case, which included tasks such as becoming familiar with the facts and record of the case, filing a Rule 9.1 letter, filing a brief on behalf of plaintiff, and negotiating with defendant regarding remand.  Plaintiff's counsel now seeks $14,379.36 to cover 78.55 hours of attorney time at an hourly rate of $183.06.

**II.      Discussion**

 The Commissioner does not contest that plaintiff is a "prevailing party" under 28 U.S.C.

1

§ 2412(d), nor does the Commissioner contest that plaintiff is entitled to attorney's fees.

This case presents only two issues. The first issue is whether plaintiff is entitled to the full $14,379.36 requested. The second issue is whether the Court should award those fees to plaintiff or to plaintiff's pro bono counsel.

### A.  Standard of Review

When a prevailing party seeks an award of attorney's fees, "the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party should "submit evidence supporting the hours worked and rates claimed." *Id* (quotations omitted).  After the moving party meets this burden "the party opposing the fee award then has the burden to challenge . . . the reasonableness of the requested fee." *Id*. (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989)).  If the Court deems the requested fee unreasonable, it "may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In making a decision on the appropriate amount of a fee award, the Court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.  In doing so, "the district court must explain on the record the reasons for its decisions." *Rode*, 892 F.2d at 1187. The district court has "a great deal of discretion in deciding . . . a reasonable fee award" and "will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *Bell*, 884 F.2d at 721.

### B.  Number of Hours

Plaintiff submits a fee application indicating a total of 78.55 hours expended on this case.

2

*See* Declaration of Jon C. Dubin, Docket # 21, at 17 ("Dubin Decl."); Supplemental Declaration of John C. Dubin, Docket # 24, at 17 ("Dubin Supp. Decl.").[1]  Plaintiff utilizes an hourly rate of $183.06, taking into account the figures set forth within EAJA as well as the rate of inflation. Application for Attorney Fees, Docket #21, at 4 ("Application").  Plaintiff calculates a total fee request of $14,379.36 based on the product of the hourly rate and submitted hours.  The Commissioner does not dispute that $183.06 is the proper hourly rate, but argues that the amount of time listed in the Application is excessive.  Commissioner's Response in Opposition to Plaintiff's Motion for Attorney Fees ("Commissioner Brief"), Docket # 23, at 1-6.

The Commissioner argues that courts generally estimate a range of 20 to 40 hours as a "reasonable expenditure of time in an average disability case."  Commissioner Brief, at 3.  The Commissioner further argues that this Court should reduce the total number of hours claimed by plaintiff arguing that "[c]ounsel for the prevailing party should make a good faith effort to exclude from the fee request hours that are excessive, redundant or otherwise unnecessary."  *Id*. (citing *Hensley*, 461 U.S. at 434).  Moreover, the Commissioner argues that the expertise of Plaintiff's counsel in this area necessitates "additional efficiency," further undermining his "excessive" time expenditure.  Commissioner Brief, at 3-4.  However, these claims by the Commissioner are not supported by specific periods of time deemed "excessive," which is necessary to substantiate the Commissioner's arguments that $14,379.36 is an excessive claim.

In suggesting hours that might be exaggerated or unnecessary, the Commissioner cites, as an example, to the time spent by counsel discussing the case with prior counsel (2 hours),

---

[1] Plaintiff includes in this figure 69.25 hours spent up to and including preparation of the present application and supporting briefing and an additional 9.3 hours spent preparing plaintiff's reply brief in support of the application.  Dubin Supp. Decl.

reviewing the file (4.75 hours), and preparing for and having a meeting with plaintiff (2.75 hours).  Plaintiff argues that this case involved an unusually large record of over 600 pages, *c.f. Chonko v. Astrue*, 624 F. Supp. 2d 357, 361 (D.N.J. 2008) (reviewing a 300-page record "could easily take a day's work"), an unusual procedural history raising complex law of the case issues, and a plaintiff whose primary language is not English.  Plaintiff also argues that the fee request has been significantly cut already by eliminating the hours spent by law students working on the case.

This Court is not persuaded that the amount of time spent is excessive.  *Bell*, 884 F.2d at 721.  Although the time submitted is outside the range of hours spent on an "average case," this case was not "average."  Further, the time expended by plaintiff preparing briefing in this matter falls well below Third Circuit precedent approving up to three hours per page spent on briefing.  *See Maldonado v. Houston*, 256 F.3d 181, 185-87 (3d Cir. 2001).  Given this primary showing of reasonableness by plaintiff, to agree with the Commissioner absent a specific factual objection would be to adopt a "standardless rule of district court gestalt" against which the Third Circuit has expressly warned.  *United States v. Eleven Vehicles*, 200 F.3d 203, 218 (3d Cir. 2000) (Alito, J. concurring) (internal citations omitted).  Accordingly, plaintiff is awarded $14,379.36

## C.    Recipient of Funds

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Plaintiff requests that fees be paid directly to *pro bono* counsel, while the Commissioner contends that any fee award is

payable to plaintiff under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).  However, the Commissioner indicates that it continues to accept agreements between plaintiffs and their counsel wherein plaintiffs agree to transfer their rights to EAJA fees to their attorneys, provided that plaintiffs owe no debt subject to offset under the Treasury Offset Program.  The Commissioner further indicates that its practice is to check whether a plaintiff owes a debt that is potentially subject to offset after receiving an order regarding an EAJA motion.

Plaintiff suggests as a possible resolution to the fee payment dispute that the Court follow the procedure employed in *Bilotta v. Comm'r of Social Security*, Civ. No. 09-3771 (SDW) (D.N.J. Oct. 18, 2010).  In *Bilotta*, the Commissioner indicated its willingness to issue payment to plaintiff's attorney, pursuant to an assignment, provided that plaintiff had no debt subject to offset.  *Id*. at 5.  In order to evaluate plaintiff's suggestion, the parties are directed to confer and determine whether they would be amenable to following the payment procedure employed in *Bilotta* in this case.

## III.    Conclusion

For the foregoing reasons, it is **ORDERED** that plaintiff's application for attorney's fees is **GRANTED.**  It is further **ORDERED** that the parties confer and report to the Court no later than July 6, 2011 whether they are amenable to utilizing the payment procedure employed in *Bilotta v. Comm'r of Social Security*, Civ. No. 09-3771 (SDW) (D.N.J. Oct. 18, 2010).


/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

5